**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JAMES A. FULLARD                                    :

     Petitioner                                    :

v                                                              :                    Civil Action No. CCB-06-3349

PATRICIA C. JESSAMY and                       :
BALTIMORE CITY

                                             :

     Respondents

o0o

**<u>MEMORANDUM</u>**

The above-captioned case was filed on December 12, 2006, together with a motion to proceed in forma pauperis. Because he appears to be indigent, petitioner's motion will be granted. For the reasons that follow, the case must be dismissed.

The pro se pleading has been construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The document, however, contains no discernible basis for the relief sought includes: monetary damages; "a voice examplar (sic) be taken of plaintiff," and injunctive relief requiring persons involved in petitioner's criminal trial to be called as witnesses at a hearing on his allegations. Paper No. 1 at p. 2. Petitioner has filed several claims in this court regarding his criminal conviction, including a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and civil rights claims. *See Fullard v. Peguese*, Civil Action No. CCB-03-2731 (D. Md. 2003); *Fullard v. Blackston et al.*, Civil Action No. CCB-03-2869 (D. Md. 2003); *Fullard v. Blackston, et al.*, Civil Action No. CCB-05-2114 (D. Md. 2005); *Fullard v. Blackston, et al.*, Civil Action No. CCB-05-2958 (D. Md. 2005); *Fullard v. Finance Dept., et al.*, Civil Action No. RDB-06-1508 (D. Md. 2006) and *Fullard v. Smith*, Civil Action No. RDB-06-1509 (D. Md. 2006). In virtually every pleading filed with the court, petitioner claims that he was deprived of a trial in his criminal case and that the transcript of the guilty plea proceeding was altered to reflect that he was agreeing to the plea bargain. In the memorandum opinion denying Fullard's petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254, this court observed:

> Setting aside the fact that Petitioner has presented no evidence, other than his bald allegations, that anything was altered in the transcription of the guilty plea proceedings, the claims are not subject to review by this Court.  None of the allegations concerning altered transcripts were ever raised in State court in the post conviction proceeding.[1]  Furthermore, it is clear that Petitioner admitted to pleading guilty in this case both in his post conviction petition and in his habeas corpus petition filed in this Court.   Because the issues were never raised and because it appears that there is no cause excusing that failure, this claim is procedurally defaulted and is not subject to review in this Court.  The failure of Respondent to address these claims is inconsequential in this instance, given Petitioner's procedural default.

*Fullard v. Peguese*, Civil Action No. CCB-03-2731 (D. Md. 2003).

The instant case is another attempt to litigate the same claim.  The claim may not be raised in the context of a federal habeas corpus petition.  To the extent that petitioner seeks monetary damages, a claim challenging the validity of a conviction  may not be raised in the context of a civil rights action absent prior reversal of the conviction.  *See Heck v. Humphrey*,  512 U. S. 477, 487 (1994) (claims challenging legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice).  To the extent that petitioner is seeking mandamus relief from state officials in order to comple the State to further review his conviction,  the relief sought is not available.  *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (federal district court has no mandamus jurisdiction over state employees).

Accordingly, the petition for writ of habeas corpus will  be dismissed by separate order

---

[1]  Mr. Fullard was permitted to review the transcript of his guilty plea proceeding at the post conviction hearing regarding an issue he raised as to whether or not the trial judge properly advised him of his rights.  Paper No. 15 at Ex. 15,  pp. 42– 43.  When asked whether he was alleging that the transcript was incorrect, Mr Fullard stated that he was not making that allegation, only that the judge himself had not advised him of his waiver of rights.  *Id.*

which follows.


   December 21, 2006                                /s/               
Date                                             Catherine C. Blake
                                             United States District Judge